## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAINT VINCENT HEALTH CENTER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:16-cv-234<br>)<br>)<br>)<br>)  Judge Barbara J. Rothstein<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR ENTRY OF CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") respectfully moves the Court for approval and entry of the attached Consent Decree (Exhibit A). In support of its Motion, EEOC states as follows:

1.　　The parties have negotiated the attached Consent Decree as a resolution of the Commission's claims in the above-captioned case.

2.　　EEOC believes that the terms of this Consent Decree are adequate, fair, reasonable, equitable and just.

3.　　EEOC believes that the Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII of the Civil Rights Act of 1964, and will

1

be in the best interests of the parties, those for whom the Commission seeks relief, and the public.

    4.     Defendant Saint Vincent Health Center consents to this Motion.

Respectfully submitted,

**DEBRA M. LAWRENCE**
**REGIONAL ATTORNEY**

**RONALD L. PHILLIPS**
**SUPERVISORY TRIAL ATTORNEY**

*/s/ Lisa H. Hernandez*
**Lisa H. Hernandez**
Senior Trial Attorney
Pa. I.D. No. 87634
Equal Employment Opportunity Commission
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone:   (412) 395-58520
Email:      lisa.hernandez@eeoc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

U.S. EQUAL EMPLOYMENT            )
OPPORTUNITY COMMISSION,          )
                                 )   CIVIL ACTION NO. 1:16-cv-234
            Plaintiff,           )
                                 )
    vs.                          )   Judge Barbara J. Rothstein
                                 )
SAINT VINCENT HEALTH CENTER,     )
                                 )
            Defendant.           )
                                 )

# CONSENT DECREE

## THE LITIGATION

1.      This action was instituted by the U.S. Equal Employment Opportunity
Commission ("EEOC" or "Commission") on September 22, 2016, against Saint Vincent Health
Center ("Defendant" or "Saint Vincent") to enforce provisions of Title VII of the Civil Rights
Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. The EEOC alleged that
Defendant denied religious accommodation to and discharged Charging Parties Bryan Nash,
Aleksandr Gevorkyan, and Aza Galustyan from their employment with Defendant because of
their religions, in violation of Title VII.  The EEOC further alleged that Defendant denied
religious accommodation and discharged Additional Claimants Joshua Dolecki, Lisa Waller, and
Beth Theobald from their employment with Defendant because of their religions, in violation of
Title VII.  Saint Vincent denies these allegations.

2.      In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all Title VII claims pertaining to Charging Parties and Additional Claimants identified in this Decree as of the date of the Complaint filed by the EEOC, and does not constitute any admission by Saint Vincent of any violation of Title VII. This Decree does not constitute a finding on the merits of the case. The parties, however, wish to resolve the instant controversy without the expense, delay, and burden of further litigation. Therefore, this Decree constitutes the complete and exclusive agreement among the parties with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and approved by the Court in accordance with Paragraph 45, below. The negotiation, execution and entry of this Decree resolves any and all claims of alleged Title VII violations investigated by the Commission against the Defendant arising out of EEOC Charge Numbers 846-2014-13226, 533-2014-00571, 533-2014-00570, including any and all acts of alleged discrimination against any applicant or employee on the basis of religion due to Saint Vincent's application of its then-existing mandatory influenza vaccine requirement up through the date of execution of this Decree.

## FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

(a)     This Court has jurisdiction of the subject matter of this action and of the parties.

(b)     The terms of this Decree are adequate, fair, reasonable, equitable, and just. The interests of the parties, claimants, and the public are adequately protected by this Decree.

2

(c)     This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the claimants, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### DEFINITIONS

A.      As used in this Consent Decree, the term "employee" shall be construed in accordance with controlling Title VII case law defining the scope of the terms "employee" and "employer," and, in addition, shall also specifically include (a) any employee of a subsidiary of Saint Vincent under circumstances where (i) Saint Vincent's employment or EEO policies are applicable or (ii) Saint Vincent's personnel make the decision regarding the request for religious accommodation or (iii) the subsidiary's personnel participating in the decision regarding the request for religious accommodation are subordinates of personnel of Saint Vincent, and (b) individuals to whom Saint Vincent has extended a conditional offer of employment or placement.

B.      As used in subsequent paragraphs of this Consent Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), or made by any means of communication, regarding potential religious discrimination committed against any Saint Vincent employee, whether the Saint Vincent employee is the complainant or not.

### INJUNCTION

4.      Saint Vincent, its officers, agents, employees, successors, assigns and all persons acting in concert with it are hereby permanently enjoined from engaging in any employment

3

practice that discriminates because of religion, including failure to provide employees with reasonable accommodations for religion that are required by Title VII and failure to grant religious exemptions from mandatory employee vaccination policies or requirements when such exemptions are required by Title VII.

5.     In the event Saint Vincent re-institutes a mandatory influenza vaccination policy in the future during the operation of this Decree, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not require, and are hereby permanently enjoined from requiring, that any employee receive an influenza vaccination as a condition of his/her employment if (a) such vaccination conflicts with the employee's sincerely held religious belief, practice or observance, (b) the employee has requested exemption from such vaccination on religious grounds, and (c) exemption from the mandatory influenza vaccination requirement does not impose an undue hardship on the conduct of Defendant's business.

6.     In the event Saint Vincent re-institutes a mandatory influenza vaccination policy in the future during the operation of this Decree, when considering religion-based requests for exemption from influenza vaccination and whether a religious objection to vaccination is sincerely held, Saint Vincent shall apply the concepts of "religion" and "undue hardship" that are embodied in Title VII and reflected in controlling case law.   Saint Vincent shall not require proof that an employee's or applicant's religious objection to vaccination be an official tenet or endorsed teaching of any particular religion or denomination, nor shall Saint Vincent conclude that a religious belief, practice or observance is not sincerely held simply because it deems the belief, practice or observance unreasonable, inaccurate, unfounded, illogical, or inconsistent in Saint Vincent's view.

7.     In the event Saint Vincent re-institutes a mandatory influenza vaccination policy in the future during the operation of this Decree, it shall give reasonable written notice to any

4

employee subject to a mandatory influenza vaccination policy or requirement that he/she may request a religious exemption from that policy or requirement for any sincerely held religious belief, practice or observance that conflicts with receiving the vaccination.  At a minimum, such notice shall include providing a copy of the mandatory vaccination policy to employees subject to the policy or requirement, and the policy shall state prominently that employees may request religious exemption for sincerely held religious beliefs, practices and observances that conflict with the vaccination policy or requirement and describe a reasonable procedure for making such a request.

8.      In the event Saint Vincent re-institutes a mandatory influenza vaccination policy in the future during the operation of this Decree, any procedure for requesting religious exemption from the mandatory influenza  vaccination policy or requirement shall not create unreasonable impediments to obtaining such exemption, including but not limited to excessive and onerous documentation requirements or refusing to consider requests for religious exemption unless they are supported by statements from clergy.   While Saint Vincent may make a good faith, reasonable request to the employee or applicant for information from a member of the clergy if necessary to carry out the bilateral, cooperative accommodation process required by Title VII, Saint Vincent shall not refuse a request for religious exemption because the employee or applicant has not supplied a clergy statement.  In this regard, Saint Vincent will adhere to the Title VII definition of "religion," which does not require ratification of a belief by members of the clergy or other persons, and protects beliefs, practices and observances that are idiosyncratic.

9.      This Decree shall not be construed to prohibit Saint Vincent from requiring that any employee granted a religious exemption from any mandatory influenza vaccination policy or requirement undertake reasonable, non-discriminatory on-the-job precautions and/or reasonable, non-discriminatory educational obligations in lieu of the vaccination that are calculated to reduce

or eliminate the risk of influenza transmission to patients, provided that Saint Vincent complies with Title VII reasonable accommodation duties (or any other federal law reasonable accommodation duties) related to such on-the-job-precautions.

10.     Saint Vincent, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from engaging in any form of retaliation, coercion, intimidation, or interference against any person because such person has opposed any practice made unlawful under Title VII, requested reasonable accommodation for religion, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted or refused to refrain from asserting any rights under this Decree.

## MONETARY RELIEF AND OFFERS OF REINSTATEMENT

11.     Defendant shall pay monetary relief to Bryan Nash in the total gross amount of $81,712.86 in accordance with the following payment schedule: (a) on or before December 22, 2016, Defendant shall pay monetary relief to Bryan Nash in the gross amount of $27,237.62, all of which shall constitute back pay; and (b) on or before January 31, 2017, Defendant shall pay monetary relief to Bryan Nash in the additional gross amount of $54,475.24, $38,670.87 of which shall constitute backpay, and $15,804.37 which shall constitute compensatory damages for emotional distress.  The amounts treated as back pay shall be paid less applicable federal, state and local payroll tax withholdings.

12.     In addition, Defendant shall offer reinstatement to Mr. Nash to the position he last held while in Defendant's employ, with re-employment to commence within thirty (30) days of entry of this Consent Decree by the Court, provided Mr. Nash possesses the  professional certification(s) that are bona fide requirements for the position and that he possessed as of his last day of employment with Saint Vincent in or around January 2014, and is otherwise qualified to

perform the essential functions of the position with or without reasonable accommodation at the time of re-employment.  Such re-instatement shall include the same pay, benefits, hours of work, and other terms and conditions of employment Mr. Nash he enjoyed as Defendant's employee at the time of his termination, as well as all applicable pay and benefit increases and seniority he would have earned had there been no break in service.  Defendant shall transmit a written offer of re-instatement to Mr. Nash, via express overnight mail or certified mail return receipt, within five (5) days of entry of this Consent Decree by the Court.  Mr. Nash shall have ten (10) days after receipt of the offer of re-instatement to communicate to Defendant his acceptance of the offer.  In the event Mr. Nash does not communicate his acceptance within the ten-day period, the offer shall be considered rescinded and Defendant shall not be required to re-instate Mr. Nash under this Decree.  The written offer of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Mr. Nash may communicate his acceptance or rejection of the offer and who can answer any questions Mr. Nash may have about the position. A copy of the written communication offering re-employment shall be transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the same day it is transmitted to Mr. Nash.  Saint Vincent shall not require Mr. Nash to receive an influenza vaccination as a condition of his re-employment, but may require other reasonable, non-discriminatory precautions and/or education consistent with this Decree and subject to reasonable accommodation obligations.  Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Mr. Nash has accepted re-employment within ten (10) days of receiving his response.

13.     Defendant shall pay monetary relief to Aleksandr Gevorkyan in the total gross amount of $81,814.81 in accordance with the following payment schedule: (a) on or before December 22, 2016, Defendant shall pay monetary relief to Aleksandr Gevorkyan in the total gross amount of $27,271.60, all of which shall constitute back pay; and (b) on or before January 31, 2017, Defendant shall pay monetary relief to Aleksandr Gevorkyan in the additional gross amount of $54,543.20, $38,738.84 of which shall constitute back pay and $15,804.37 which shall constitute compensatory damages for emotional distress. The amount treated as backpay shall be paid less applicable federal, state and local payroll tax withholdings.

14.     In addition, Defendant shall offer reinstatement to Mr. Gevorkyan in the following manner:

(a) Defendant shall offer to reinstate Gevorkyan to the position he last held while in Defendant's employ if such position exists and is vacant at the time of entry of this Consent Decree, with re-employment to commence within thirty (30) days of entry of this Consent Decree by the Court, provided Mr. Gevorkyan possesses the professional certification(s) that are bona fide requirements for the position and that he possessed as of his last day of employment with Saint Vincent in or around January 2014, and is otherwise qualified to perform the essential functions of the position with or without reasonable accommodation at the time of re-employment.. Such re-instatement shall include the same pay, benefits, hours of work, and other terms and conditions of employment Mr. Gevorkyan enjoyed as Defendant's employee at the time of his termination, as well as all applicable pay and benefit increases and seniority he would have earned had there been no break in service. Defendant shall transmit a written offer of re-instatement to Mr. Gevorkyan via express overnight mail or certified mail return receipt, within five (5) days of entry of this Consent Decree by the Court. Mr.

8

Gevorkyan shall have ten (10) days after receipt of the offer of re-instatement to communicate to Defendant his acceptance of the offer. In the event Mr. Gevorkyan does not communicate his acceptance within the ten-day period, the offer shall be considered rescinded and Defendant shall not be required to re-instate Mr. Gevorkyan under this Decree. The written offer of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Mr. Gevorkyan may communicate his acceptance or rejection of the offer and who can answer any questions Mr. Gevorkyan may have about the position. A copy of the written communication offering re-employment shall be transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the same day it is transmitted to Mr. Gevorkyan. Saint Vincent shall not require Mr. Gevorkyan to receive an influenza vaccination as a condition of his re-employment, but may require other reasonable, non-discriminatory precautions and/or education consistent with this Decree and subject to reasonable accommodation obligations. Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Mr. Gevorkyan has accepted re-employment within ten (10) days of receiving his response.

(b) If, at the time of entry of this Consent Decree the position last held by Gevorkyan while in Defendant's employ does not exist or is not vacant, Defendant shall not be required to make the reinstatement offer set forth in Paragraph 14(a), above. However, if at any time during the operation of this Decree Mr. Gevorkyan provides written notification to the Defendant's human resources department to the effect that

he wishes to obtain re-instatement pursuant to the terms of this Consent Decree, then Gevorkyan shall, for a period of two (2) years thereafter or until expiration of this Decree (whichever is sooner), have a right to be re-instated to each and every sonographer/lab technician job vacancy that becomes available during the operation of this Decree at any of Defendant's facilities within a fifty (50) mile radius of Saint Vincent's campus located on W. 25th Street in Erie Pennsylvania. For each such position that becomes available, Defendant shall transmit a written offer of re-instatement to Mr. Gevorkyan, via express overnight mail or certified mail return receipt, within ten (10) days of entry of the job becoming available or the job posting, whichever is earlier. Mr. Gevorkyan shall have ten (10) days after receipt of each offer of re-instatement to communicate to Defendant his acceptance of the offer. In the event Mr. Gevorkyan does not communicate his acceptance within the ten-day period, the offer shall be considered rescinded. Defendant shall continue to offer re-instatement to Mr. Gevorkyan pursuant to this Paragraph until either one of two conditions is satisfied: (i) he accepts an offered position and commences work; or (ii) the aforementioned time period for Defendant's reinstatement obligations under this Paragraph has expired. The written offer(s) of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Mr. Gevorkyan may communicate his acceptance or rejection of the offer and who can answer any questions Mr. Gevorkyan may have about the position. A copy of the written communication(s) offering re-employment shall be transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the

same day it is transmitted to Mr. Gevorkyan. Saint Vincent shall not require Mr. Gevorkyan to receive an influenza vaccination as a condition of his re-employment. Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Mr. Gevorkyan has accepted re-employment within ten (10) days of receiving his response. Defendant shall be deemed to have complied with the requirement of this Paragraph that it transmit written job offers to Gevorkyan if such offer is sent to Gevorkyan's most recent known home address. Failure to transmit an offer to Gevorkyan shall not be deemed non-compliance with this Decree if such failure is attributable to Gevorkyan not updating his address with Defendant's human resources department. .

15.     Defendant shall pay monetary relief to Aza Galustyan in the total gross amount of $54,493.85 in accordance with the following payment schedule: (a) on or before December 22, 2016, Defendant shall pay monetary relief to Aza Galustyan in the total gross amount of $18,164.61, all of which shall constitute back pay; and (b) on or before January 31, 2017, Defendant shall pay monetary relief to Aza Galustyan in the additional gross amount of $36,329.24, $20,524.87 which shall constitute back pay and $15,804.37 which shall constitute compensatory damages for emotional distress. The amount treated as backpay shall be paid less applicable federal, state and local payroll tax withholdings. .

16.     In addition, Defendant shall offer reinstatement to Ms. Galustyan in the following manner:

> (a) Defendant shall offer to reinstate Galustyan to the position she last held while in Defendant's employ if such position exists and is vacant at the time of entry of this Consent Decree, with re-employment to commence within thirty (30) days of entry of this Consent Decree by the Court, provided Ms. Galustyan

possesses the professional certification(s) that are bona fide requirements for the position (if any) and that she possessed as of her last day of employment with Saint Vincent in or around January 2014, and is otherwise qualified to perform the essential functions of the position with or without reasonable accommodation at the time of re-employment.. Such re-instatement shall include the same pay, benefits, hours of work, and other terms and conditions of employment Ms. Galustyan enjoyed as Defendant's employee at the time of her termination, as well as all applicable pay and benefit increases and seniority she would have earned had there been no break in service. Defendant shall transmit a written offer of re-instatement to Ms. Galustyan via express overnight mail or certified mail return receipt, within five (5) days of entry of this Consent Decree by the Court. Ms. Galustyan shall have ten (10) days after receipt of the offer of re-instatement to communicate to Defendant her acceptance of the offer. In the event Ms. Galustyan does not communicate her acceptance within the ten-day period, the offer shall be considered rescinded and Defendant shall not be required to re-instate Ms. Galustyan under this Decree. The written offer of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Ms. Galustyan may communicate her acceptance or rejection of the offer and who can answer any questions Ms. Galustyan may have about the position. A copy of the written communication offering re-employment shall be transmitted to Senior Trial Attorney Lisa

Hernandez at EEOC, via .pdf e-mail attachment, on the same day it is transmitted to Ms. Galustyan. Saint Vincent shall not require Ms. Galustyan to receive an influenza vaccination as a condition of her re-employment, but may require other reasonable, non-discriminatory precautions and/or education consistent with this Decree and subject to reasonable accommodation obligations. Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Ms. Galustyan has accepted re-employment within ten (10) days of receiving her response.

(b)  If, at the time of entry of this Consent Decree, the position last held by Galustyan while in Defendant's employ does not exist or is not vacant, Defendant shall not be required to make the reinstatement offer set forth in Paragraph 14(a), above. However, if at any time during the operation of this Decree Ms. Galustyan provides written notification to the Defendant's human resources department to the effect that she wishes to obtain re-instatement pursuant to the terms of this Consent Decree, then Galustyan shall, for a period of two (2) years thereafter or until expiration of this Decree (whichever is sooner), have a right to be re-instated to each and every Medical Records Clerk job vacancy that becomes available during the operation of this Decree at any of Defendant's facilities within a fifty (50) mile radius of Saint Vincent's campus located on W. 25th Street in Erie Pennsylvania. For each such position that becomes available, Defendant shall transmit a written offer of re-instatement to Ms. Galustyan, via express overnight mail or certified mail return receipt, within five (5) days of entry of the job becoming available or the job posting, whichever is earlier. Ms. Galustyan shall have ten (10)

days after receipt of each offer of re-instatement to communicate to Defendant her acceptance of the offer. In the event Ms. Galustyan does not communicate her acceptance within the ten-day period, the offer shall be considered rescinded. Defendant shall continue to offer re-instatement to Ms. Galustyan pursuant to this Paragraph until either one of two conditions is satisfied: (i) she accepts an offered position and commences work; or (ii) the aforementioned time period for Defendant's reinstatement obligations under this Paragraph has expired. The written offer(s) of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Ms. Galustyan may communicate her acceptance or rejection of the offer and who can answer any questions Ms. Galustyan may have about the position. A copy of the written communication(s) offering re-employment shall be transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the same day it is transmitted to Ms. Galustyan. Saint Vincent shall not require Ms. Galustyan to receive an influenza vaccination as a condition of her re-employment, but may require other reasonable, non-discriminatory precautions and/or education consistent with this Decree and subject to reasonable accommodation obligations. Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Ms. Galustyan has accepted re-employment within ten (10) days of receiving her response. Defendant shall be deemed to have complied with the requirement

14

of this Paragraph that it transmit written job offers to Galustyan if such offer is sent to Galustyan's most recent known home address. Failure to transmit an offer to Galustyan shall not be deemed non-compliance with this Decree if such failure is attributable to Galustyan not updating her address with Defendant's human resources department.

15.     Defendant shall pay monetary relief to Joshua Dolecki in the total gross amount of $19,608.17 in accordance with the following payment schedule: (a) on or before December 22, 2016, Defendant shall pay monetary relief to Joshua Dolecki in the total gross amount of $6,536.06, of which $3,803.79 shall constitute back pay and $2,732.27 shall constitute compensatory damages for emotional distress; and (b) on or before January 31, 2017, Defendant shall pay monetary relief to Joshua Dolecki amount in the additional gross amount of $13,072.11, all of which shall constitute compensatory damages for emotional distress.   The amount treated as backpay shall be paid less applicable federal, state and local payroll tax withholdings.

16.     In addition, Defendant shall offer reinstatement to Mr. Dolecki to the position he last held while in Defendant's employ, with re-employment to commence within thirty (30) days of entry of this Consent Decree by the Court, provided Mr. Dolecki possesses the  professional certification(s) that are bona fide requirements for the position and that he possessed as of his last day of employment with Saint Vincent in or around January 2014, and is otherwise qualified to perform the essential functions of the position with or without reasonable accommodation at the time of re-employment..     Such re-instatement shall include the same pay, benefits, hours of work, and other terms and conditions of employment Mr. Dolecki enjoyed as Defendant's employee at the time of his termination, as well as all applicable pay and benefit increases and seniority he would have earned had there been no break in service. Defendant shall transmit a

written offer of re-instatement to Mr. Dolecki, via express overnight mail or certified mail return receipt, within five (5) days of entry of this Consent Decree by the Court. Mr. Dolecki shall have ten (10) days after receipt of the offer of re-instatement to communicate to Defendant his acceptance of the offer. In the event Mr. Dolecki does not communicate his acceptance within the ten-day period, the offer shall be considered rescinded and Defendant shall not be required to re-instate Mr. Dolecki under this Decree. The written offer of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Mr. Dolecki may communicate his acceptance or rejection of the offer and who can answer any questions Mr. Dolecki may have about the position. A copy of the written communication offering re-employment shall be transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the same day it is transmitted to Mr. Dolecki. Saint Vincent shall not require Mr. Dolecki to receive an influenza vaccination as a condition of his re-employment, but may require other reasonable, non-discriminatory precautions and/or education consistent with this Decree and subject to reasonable accommodation obligations. Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Mr. Dolecki has accepted re-employment within ten (10) days of receiving his response.

17.    Defendant shall pay monetary relief to Lisa Waller in the total gross amount of $29,503.37 in accordance with the following payment schedule: (a) on or before December 22, 2016, Defendant shall pay monetary relief to Lisa Waller in the gross amount of $9,834.46, all of which shall constitute backpay; and (b) on or before January 31, 2017, Defendant shall pay monetary relief to Lisa Waller in the additional gross amount of $19,668.91, of which $3,864.54 shall constitute back pay and $15,804.37 shall constitute compensatory damages for emotional

16

distress.  The amount treated as backpay shall be paid less applicable federal, state and local

payroll tax withholdings. .

18.      In addition, Defendant shall offer reinstatement to Ms. Waller to the position she

last held while in Defendant's employ, with re-employment to commence within thirty (30) days

of entry of this Consent Decree by the Court, provided Ms. Waller possesses the professional

certification(s) that are bona fide requirements for the position and that she possessed as of her

last day of employment with Saint Vincent in or around January 2014, and is otherwise qualified

to perform the essential functions of the position with or without reasonable accommodation at

the time of re-employment.  Such re-instatement shall include the same pay, benefits, hours of

work, and other terms and conditions of employment Ms. Waller enjoyed as Defendant's

employee at the time of her termination, as well as all applicable pay and benefit increases and

seniority she would have earned had there been no break in service.  Defendant shall transmit a

written offer of re-instatement to Ms. Waller, via express overnight mail or certified mail return

receipt, within five (5) days of entry of this Consent Decree by the Court.  Ms. Waller shall have

ten (10) days after receipt of the offer of re-instatement to communicate to Defendant her

acceptance of the offer.  In the event Ms. Waller does not communicate her acceptance within

the ten-day period, the offer shall be considered rescinded and Defendant shall not be required to

re-instate Ms. Waller under this Decree.  The written offer of re-instatement shall describe the

job title and department of the position, the name of the direct supervisor of the position, all pay

and benefits for the position, and the working hours for the position, and it shall also provide the

contact information of a reasonably available individual to whom Ms. Waller may communicate

his acceptance or rejection of the offer and who can answer any questions Ms. Waller may have

about the position.  A copy of the written communication offering re-employment shall be

transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the

17

same day it is transmitted to Ms. Waller. Saint Vincent shall not require Ms. Waller to receive

an influenza vaccination as a condition of her re-employment, but may require other reasonable,

non-discriminatory precautions and/or education consistent with this Decree and subject to

reasonable accommodation obligations.   Defendant shall inform EEOC, via written

communication to Senior Trial Attorney Hernandez, whether Ms. Waller has accepted re-

employment within ten (10) days of receiving her response.

19.     Defendant shall pay monetary relief to Beth Theobald in the total gross amount of

$32,866.94 in accordance with the following payment schedule: (a) on or before December 22,

2016, Defendant shall pay monetary relief to Beth Theobald in the gross amount of $10,955.67,

all of which shall constitute backpay; and (b) on or before January 31, 2017, Defendant shall pay

monetary relief to Beth Theobald in the additional gross amount of $21,911.27, of which

$6,106.90 shall constitute back pay and $15,804.37 shall constitute compensatory damages for

emotional distress. The amount treated as backpay shall be paid less applicable federal, state and

local payroll tax withholdings.

20.     In addition, Defendant shall offer reinstatement to Ms. Theobald to the position

she last held while in Defendant's employ, with re-employment to commence within thirty (30)

days of entry of this Consent Decree by the Court, provided Ms. Theobald possesses the

professional certification(s) that are bona fide requirements for the position and that she

possessed as of her last day of employment with Saint Vincent in or around January 2014, and is

otherwise qualified to perform the essential functions of the position with or without reasonable

accommodation at the time of re-employment. . Such re-instatement shall include the same pay,

benefits, hours of work, and other terms and conditions of employment Ms. Theobald enjoyed as

Defendant's employee at the time of her termination, as well as all applicable pay and benefit

increases and seniority she would have earned had there been no break in service. Defendant

shall transmit a written offer of re-instatement to Ms. Theobald, via express overnight mail or certified mail return receipt, within five (5) days of entry of this Consent Decree by the Court. Ms. Theobald shall have ten (10) days after receipt of the offer of re-instatement to communicate to Defendant her acceptance of the offer. In the event Ms. Theobald does not communicate her acceptance within the ten-day period, the offer shall be considered rescinded and Defendant shall not be required to re-instate Ms. Theobald under this Decree. The written offer of re-instatement shall describe the job title and department of the position, the name of the direct supervisor of the position, all pay and benefits for the position, and the working hours for the position, and it shall also provide the contact information of a reasonably available individual to whom Ms. Theobald may communicate his acceptance or rejection of the offer and who can answer any questions Ms. Theobald may have about the position. A copy of the written communication offering re-employment shall be transmitted to Senior Trial Attorney Lisa Hernandez at EEOC, via .pdf e-mail attachment, on the same day it is transmitted to Ms. Theobald. Saint Vincent shall not require Ms. Theobald to receive an influenza vaccination as a condition of her re-employment, but may require other reasonable, non-discriminatory precautions and/or education consistent with this Decree and subject to reasonable accommodation obligations. Defendant shall inform EEOC, via written communication to Senior Trial Attorney Hernandez, whether Ms. Theobald has accepted re-employment within ten (10) days of receiving her response.

21.     At the conclusion of each calendar year in which payment is made to the claimants identified above, Defendant shall promptly issue to each claimant an IRS Form W-2 for the monetary relief amount constituting back pay for wages and an IRS Form 1099-MISC for any monetary relief amount constituting compensatory damages.

22.     Notwithstanding the dates specified above for delivery of monetary relief payment to each claimant, Defendant shall be permitted to withhold monetary relief payment to

any claimant regarding whom EEOC has not delivered to Defendant's counsel of record a fully executed Title VII Discharge Claim Release and Waiver in the form attached as Exhibit B to this Decree. Defendant shall deliver to the relevant claimant any monetary relief payments that have been withheld under this Paragraph within fourteen (14) days of its counsel's receipt of the claimant's fully executed Title VII Discharge Claim Release and Waiver. Defendant will deliver the monetary relief required by this Decree to the claimants identified above via certified mail return receipt or express overnight mail at addresses to be provided by the EEOC using two checks for each claimant, one check for back pay and a second check for compensatory damages. Defendant will mail photocopies of each of the checks to the EEOC, to the attention of Lisa H. Hernandez, Senior Trial Attorney, Equal Employment Opportunity Commission, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA  15222, within five (5) days of the date of mailing of the checks to each of the claimants.

## RELIGIOUS ACCOMMODATION  POLICIES AND PROCEDURES

26.     To the extent Saint Vincent has not already done so, not later than sixty (60) days after entry of this Decree by the Court, Saint Vincent shall adopt and implement, and disseminate to human resources managers and other any personnel with authority to make decisions concerning requests for religious accommodation, a religious accommodation policy that conforms to the requirements of Title VII.

27.     The policy required by Paragraph 26, above, shall include at least the following content: (a) a description of the duty to reasonably accommodate sincerely held religious beliefs, practices and observance under Title VII, absent undue hardship; (b) a discussion of the meaning of the phrase "sincerely held" religious belief, practice or observance; (c) statements to the effect that (i) a sincerely held religious belief, practice or observance need not conform to any particular orthodoxy or religious doctrine or textual interpretation, nor need it flow from

20

membership in any particular religion, in order to be the subject of the Title VII religious accommodation requirement; (ii) sincerely held religious beliefs, practices and observances that do not conform to majority beliefs, accepted doctrine of particular religion, or views that might be formed by an objective observer are covered by the Title VII religious accommodation requirement; and (iii) religious beliefs, practices and observances that are unique to a particular individual are covered by the Title VII reasonable accommodation requirement;(d) a reasonable, defined process for identifying potential reasonable accommodations of religion that is consistent with controlling law; (e) a statement of the importance of interactive communication with employees requesting reasonable accommodation for religion and employer flexibility in discussing potential solutions that resolve the conflict between a sincerely held religion and some aspect of an individual's employment; (f) a description of the undue hardship standard; (g) a requirement that decisions to deny reasonable accommodation of religion by management personnel assigned to particular facility must be reviewed and approved by a superior who shall be an officer of Saint Vincent or high-level management designee in the human resources department; (h) a procedure for Saint Vincent management personnel to seek counsel or guidance from its corporate enterprise regarding a request for reasonable accommodation of religion; and (i) a reasonable procedure for employees to request reasonable accommodations of religion, which shall be disseminated to employees not later than sixty (60) days after entry of this Decree by the Court.

28.   Saint Vincent shall retain the services of a qualified third-party consultant to assist in formulating the policy required by Paragraphs 26 and 27, above.  The parties agree that Saint Vincent may satisfy this requirement by engaging the legal services of W. Scott Hardy, Esq. and Ogletree Deakins Nash Smoak & Stewart, P.C.

29.     Not later than ninety (90) days after entry of this Decree by the Court, Saint Vincent shall provide not less than two (2) hours of training to human resources staff, as well as any other personnel of Defendant with decision-making authority concerning requests for religious accommodation, regarding the policy required by Paragraphs 26 and 27, above.

## REPORTS TO BE SUBMITTED TO EEOC
## AND DOCUMENT RETENTION REQUIREMENTS

30.     Subject to the conditions set forth in Paragraph 31, below, during the operation of this Decree, Saint Vincent shall transmit reports to EEOC containing the following information: (a) the specific content of (i) any request made to Defendant through its personnel by any employee who, for religious reasons, is seeking to be exempted from, or not participate in, any mandatory employee vaccination policy or requirement, or (ii) any complaint regarding denial of religious exemption from any mandatory employee vaccination policy or requirement; (b) the date of the request or complaint; (c) the full name, job title, and facility name and work address of the employee making the request or complaint; (d) the full names, job titles, and facility name and work address of any of Defendant's personnel who participated in decisions concerning disposition of the request or complaint; (e) specific actions taken by Defendant's personnel in response to the request or complaint and the disposition of the request or complaint; (f) if a request was denied, the specific reasons for denial, the date that the denial was communicated to the employee, any alternative accommodations that were proposed to the employee, and the reason(s) given by the employee for not accepting the proposed accommodation; and (g) whether the employment of the employee requesting accommodation has been terminated and, if so, whether such termination was by discharge or resignation and, if discharge, the reason for discharge.

31.     The reports described in Paragraph 30, above, shall not be required if Defendant does not implement a mandatory employee vaccination policy or requirement.  However, if at any time during the operation of this Decree the Defendant implements a mandatory employee vaccination policy or requirement, the first report required by Paragraph 30, above, shall be transmitted to EEOC not later than 180 days after implementation of the policy or requirement, with successive reports due each 180 days thereafter until expiration of this Decree.  The final report shall be due 30 days prior to expiration of this Decree.  All such reports shall be transmitted to EEOC Senior Trial Attorney Lisa H. Hernandez at the address of EEOC's Pittsburgh Area Office.

32.     Additionally, during the operation of this Decree, Saint Vincent shall retain all documents of any character related to any request made to Defendant through its personnel by any employee who, for religious reasons, is seeking to be exempted from, or not participate in, any mandatory employee vaccination policy or requirement or any complaints regarding denial of such requests.  Such documents include, but are not limited to, correspondence, notes, e-mail, memoranda, internal reports, written statements, charges of discrimination, internal complaint documents, grievances, or any other material of any character.  Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC counsel of record or their authorized designees.  Saint Vincent's duty to maintain records, as set forth herein, shall not be construed to limit its duty to retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14.

### POSTING OF NOTICE

33.     Within five (5) business days following entry of this Decree, Saint Vincent shall post a copy of the Notice, attached hereto as Exhibit A, at its facilities where the Mandatory Influenza Vaccination Program previously applied to its employees.  Defendant shall post this

Notice on bulletin boards usually used by it for communicating with employees and applicants. The Notices shall remain posted for two (2) years from the date of entry of this Decree. Saint Vincent shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Defendants shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notices have been properly posted.    Saint Vincent shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours upon reasonable prior notice.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

34.    This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

35.    Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.    Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance.  Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing.

36.    If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the violation.

37.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

38.    In the event that the Commission, its agents and employees possess a reasonable suspicion that Defendant has violated any provision of this Decree, they shall have the legal authority to enter Defendant's facilities, with reasonable prior notice to Defendant and its

counsel, and obtain access to any and all documents for the purposes of inspection and duplication, conduct interviews or depositions of any persons, inspect any area within the facility, and perform any other investigatory technique or procedure permitted by Title VII or the Commission's regulations. The Commission's authority to enter Defendant's facilities under this Paragraph is subject to the limitation that such entry not pose an undue burden on the conduct of Defendant's normal business operations in light of considerations such as the potential for undue disruption to patient care and patient privacy concerns.    The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with any of provision of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph.   Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under the Americans With Disabilities Act, as Amended ("ADA"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

39.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately

25

following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraphs 35-38, above, remain unresolved, the duration of the Decree shall be automatically extended until final disposition of the dispute.

40.    The Court shall retain jurisdiction over this matter for the purpose of enforcing this Decree by all available means, including but not limited to injunctive relief and monetary and other sanctions.

## MISCELLANEOUS PROVISIONS

41.    Each party to this Decree shall bear its own expenses, attorney's fees and costs.

42.    The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant.  Defendant, and any successor(s), shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

43.    If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

44.    When this Decree requires a certification by Saint Vincent of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Saint Vincent.  Where this Decree requires Saint Vincent to submit reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Lisa H. Hernandez, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA  15222.

45.    In the event that parties propose to make any modifications to this Decree by their

mutual consent, they shall submit such proposed modifications to the Court by joint motion, and

such modifications shall not be effective unless approved by order of the Court.

**APPROVED BY:**

FOR SAINT VINCENT:

Scott A. Whalen
President and CEO Saint Vincent Hospital

W. Scott Hardy, Esquire
Pa. I.D. No. 79225
Ogletree, Deakins, Nash, Smoak
& Stewart
One PPG Place
Suite 1900
Pittsburgh, PA 15222
Telephone: (412) 394-3346
Email: scott.hardy@ogletreedeakins.com

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Lisa H. Hernandez
Senior Trial Attorney
Pa. I.D. No. 87634
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 395-5852
Fax: (412) 395-5749
Email: lisa.hernandez@eeoc.gov

27

**IT IS SO ORDERED:**

_____   ___12/23/16_____

HONORABLE BARBARA J. ROTHSTEIN   DATE:
    Senior United States District Judge

**EXHIBIT A**



## EMPLOYEE NOTICE POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. Saint Vincent Health Center*, Civil Action No. 1:16-cv-234 (U.S. District Court for the Western District of Pennsylvania, Erie Division), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Saint Vincent Health Center ("Saint Vincent"). In the lawsuit, the EEOC alleged that Saint Vincent discriminated against certain employees because of their religion by failing to grant them religious exemptions from a previous requirement that they receive influenza vaccination as a condition of their employment. The EEOC alleged that such actions violated Title VII of the Civil Rights Act of 1964, which requires employers to provide reasonable accommodation for sincerely held religious beliefs of their employees when those beliefs conflict with work requirements or rules. Saint Vincent denied that its former influenza vaccination policy and practices violated any law or regulation, and has since changed its policy and no longer requires employees to receive the influenza vaccine as a condition of their employment.

The case was resolved by a Consent Decree which provides, among other things, that:

1)   Saint Vincent will not discriminate against employees because of their religion, such as denying their requests for religious exemption from any vaccination requirement when their religion conflicts with the vaccination requirement;

2)   Saint Vincent will not retaliate against any person because (s)he requested a religious accommodation, opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

3)   Saint Vincent will provide mandatory training to managers regarding religious accommodation and Saint Vincent's policies regarding religious accommodation.

The EEOC enforces the federal laws against discrimination in employment on the basis of religion, disability, race, color, national origin, sex, pregnancy/childbirth/related medical conditions, genetic information, age, or in retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at *info@eeoc.gov*. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints. **This Notice must remain posted for two years from the date below and must not be altered, defaced or covered.**

_____          _____
Date                                                      For:  Saint Vincent

**EXHIBIT B**

## TITLE VII DISCHARGE CLAIM RELEASE AND WAIVER

Pursuant to the Consent Decree entered in Civil Action No. 1:16-cv-234 and captioned U.S. Equal Employment Opportunity Commission v. Saint Vincent Health Center, and in consideration of payment in the gross amount of $_____, of which $_____ shall be considered backpay and $_____ of which shall be considered compensatory damages, I _____, agree to release Saint Vincent Health Center and its successors and assigns from any claim that I may have under Title VII of the Civil Rights Act of 1964 for denial of reasonable accommodation for religion and termination/discharge because of religion that arose from Saint Vincent Health Center's application of its mandatory influenza vaccination requirement to my employment in 2013-2014 and its termination of my employment in 2014.


_____
Name


_____
Signature


_____
Date